UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UFCW LOCAL 174 PENSION FUND and ITS TRUSTEE,

Plaintiffs,

-against-

ORAZIO & SONS MEATS, INC., XYZ CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10,

Defendants.

MEMORANDUM & ORDER

No. 1:23-cv-06806 (ENV) (VMS)

VITALIANO, D.J.

Plaintiffs the UFCW Local 174 Pension Plan (the "Plan") and its sole Trustee Larry Magarik (the "Trustee") brought this action on September 13, 2023, seeking to collect withdrawal liability and statutory damages under Sections 502, 515, and 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145, and 1451. *See* Compl., Dkt. 1. The Plan named as defendants Orazio & Sons Meats, Inc. ("Orazio"), XYZ Corporations 1-10, and John and Jane Does 1-10. The essence of the lawsuit is that Orazio withdrew from its obligations under the Plan, has therefore incurred withdrawal liability under ERISA, and is in default on that liability. The Plan and its Trustee move for summary judgment under Fed. R. Civ. P. 56. Pl.'s MSJ, Dkt. 29-14. For the reasons that follow, plaintiffs' motion for summary judgment is granted.

Background[1][2]

Orazio was a meat wholesale business located in Brooklyn, NY, and was solely owned by Carmelo Bucolo from 1984 on. Def.'s Response to Pl.'s Stmt. Of Mat. Facts, Dkt. 30 ("Def.'s SOMF") ¶ 5; Adler Decl. Ex. B, Dkt. 29-13 ("Bucolo Dep."), at 5–7. The Plan is a multiemployer pension plan within the meaning of ERISA, 29 U.S.C. § 1002(37). Def.'s SOMF ¶ 2. Orazio was a party to a collective bargaining agreement pursuant to which it was required to, and did in fact, make contributions to the Plan. *Id.* ¶ 6. However, in 2007, Orazio withdrew from the Plan as part of a mass withdrawal of all its contributing employers. *See id.* ¶ 3. The Plan is currently insolvent. *Id.* ¶ 4.

After Orazio withdrew, the Plan notified the company by letter that its withdrawal qualified as a complete withdrawal from the Plan and, as a result, Orazio was now subject to the payment of withdrawal liability under ERISA. *Id.* ¶ 7; DeRyder Decl. Ex. C, Dkt. 29-7 ("Demand Letter"), at 2. The letter notified Orazio that its withdrawal liability had been calculated as a total of $44,873.00, payable in 47 quarterly installment payments to begin within sixty days. *Id.* Moreover, because the Plan had experienced a mass withdrawal, Orazio was notified that it was also subject to the payment of mass withdrawal liability, which is calculated separately and consists of both redetermination liability and reallocation liability. Def.'s SOMF ¶ 8. Upon these findings, the Plan then issued a second demand letter for Orazio's payment of redetermination

---

[1] The facts are drawn from the Rule 56.1 Statements, *see* Dkts. 29-3, 30, as well as the admissible evidence submitted on the record, and are undisputed unless noted otherwise. Because defendant did not submit or cite to admissible evidence in its Rule 56.1 statement, plaintiff's uncontested statements are deemed admitted for purposes of the motion. *Theobald v. City of New York*, 406 F. Supp. 3d 270, 273 n.2 (E.D.N.Y. 2019).

[2] Citations to pages of the parties' briefing refer to the Electronic Case Filing system ("ECF") pagination, except that citations to a deposition reference the internal document's pagination.

liability, which was the second portion of the liability owed. *Id.* ¶ 9; DeRyder Decl. Ex. D, Dkt. 29-8 ("Redetermination Demand Letter"), at 2. Subsequently, the Plan issued a third notice and demand letter on June 26, 2009, which constituted the final component of the withdrawal liability owed. Def.'s SOMF ¶¶ 11–12; DeRyder Decl. Ex. E, Dkt. 29-9 ("Reallocation Letter"). In that letter, the Plan calculated Orazio's total withdrawal liability to be $182,355.00, to be paid in quarterly installments. Reallocation Letter at 3.

About fourteen years later, Orazio defaulted on its quarterly payments. Def.'s SOMF ¶¶ 13–14. The Plan notified Orazio on June 14, 2023 that the Plan had not received its quarterly payment under the payment schedule, and that if Orazio failed to make the payment within the next sixty days, it would be deemed in default under ERISA, which would trigger immediate payment of the full outstanding amount of its withdrawal liability plus interest. *Id.*; DeRyder Decl. Ex. F, Dkt. 29-10. At any rate, after missing the payment, Orazio failed to cure its default within sixty days, nor did it initiate arbitration. Def.'s SOMF ¶¶ 14–15. This lawsuit to collect the full sum of the unpaid withdrawal liability followed soon after in September 2023. *See* Compl. at 5. During the pendency of this lawsuit, despite efforts by Bucolo to obtain financing to save the business, Orazio closed and was evicted from the premises in June 2024. *See* Bucolo Dep. at 6, 34.

## Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he trial court's task at the summary judgment motion stage . . . is carefully limited to discerning whether there are any genuine issues

of material fact to be tried, not to deciding them." *Demand Elec., Inc. v. Innovative Tech. Holdings, LLC*, 665 F. Supp. 3d 498, 503 (S.D.N.Y. 2023) (quoting *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (alterations in original)). "[A] fact is material if it 'might affect the outcome of the suit under the governing law.'" *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of N.Y.*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). A dispute over material facts is "genuine" where "a reasonable jury could return a verdict for the nonmoving party" based on the evidence cited. *Anderson*, 477 U.S. at 248.

Assertions of fact made in connection with a motion for summary judgment must be supported by citations "to particular parts of materials in the record" that could be presented as admissible in evidence, which may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *see also Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Hetchkop v. Woodlawn at Grassmere, Inc.*, 116 F.3d 28, 33 (2d Cir. 1997).

## Discussion

Under ERISA, if "an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined

. . . to be the withdrawal liability." 29 U.S.C. § 1381(a). A withdrawal occurs when an employer "permanently ceases to have an obligation to contribute under the plan, or permanently ceases all covered operations under the plan." 29 U.S.C. § 1383(a); *see Restrepo v. Dynamic Fire, Inc.*, 819 F. Supp. 3d 158, 172 (E.D.N.Y. 2026). Should all employers participating in a plan withdraw—a mass withdrawal, as occurred in this case—the employers additionally incur mass withdrawal liability, which accrues in addition to initial withdrawal liability. *See N. Star Indus., Inc. v. Loc. 854 Pension Fund*, No. 24-CV-4580 (CS), 2025 WL 844423, at *4 (S.D.N.Y. Mar. 18, 2025). "Mass withdrawal liability is simply an extension of withdrawal liability, but modifies the method for calculating the amount of liability and imposes additional procedures in light of the changed incentives to employers and needs of the plan that arise when no employers continue to participate actively." *UFCW Loc. 174 Pension Fund v. 5600 Mkt. Corp.*, No. 17-CV-5789, 2018 WL 4403394, at *6 (E.D.N.Y. Aug. 16, 2018).

Upon withdrawal, "the plan sponsor is required to notify the employer as to the amount of its withdrawal liability and demand payment in accordance with a schedule." *Trs. of the 1199 SEIU Health Care Emps. Pension Fund v. Traymore Chemists, Inc.*, No. 13-cv-4070 (MKB), 2014 WL 4207589, at *4 (E.D.N.Y. June 25, 2014); *see also Division 1181 Amalgamated Transit Union—New York Employees Pension Fund v. D & A Bus Company, Inc.*, 270 F. Supp. 3d 593, 602 (E.D.N.Y. 2017). "After receiving notice of withdrawal liability from the plan, an employer must make payments according to the plan's payment schedule within 60 days of receiving the plan's demand for withdrawal liability. Various statutory provisions afford the employer an opportunity to challenge the plan's assessment of the employer's liability, or to request more information." *Ferrara v. Happy Time Trucking, LLC*, 436 F. Supp. 3d 606, 614 (E.D.N.Y. 2020) (citing *Daniello v. Planned Sys. Integration, Ltd.*, No. 07-CV-1729, 2009 WL 2160536, at *2

(E.D.N.Y. July 17, 2009)). If the employer fails to demand arbitration within the statutory timeframe, then the amount demanded by the plan becomes final and the employer is barred from contesting liability for the amount demanded. *Bd. of Trs. of United Furniture Pension Fund A v. Premier Restoration Techs.*, No. 21CIV9172VECGWG, 2022 WL 2312329, at *2 (S.D.N.Y. June 28, 2022).

If the withdrawn employer fails to make a required payment consistent with the payment schedule and to cure that deficiency within sixty days, it is deemed to be in default, upon which "a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5); *see UFCW Local 174 Pension Fund*, 2018 WL 3742731, at *3–4. Once an employer is found to have violated ERISA by defaulting on its withdrawal liability obligations, recovery of the unpaid withdrawal liability is a "mandatory remedy." *UFCW Local 174 Pension Fund*, at *5. To prevail on a claim for withdrawal liability, Plaintiffs must establish that: (1) the "defendant constituted an 'employer' under the MPPAA prior to withdrawal; (2) defendant received notice of the withdrawal liability assessment against it; and (3) defendant failed to initiate arbitration as required by the MPPAA." *Durso v. Barsyl Supermarkets Inc.*, No. 17-CV-6754 (JS) (ARL), 2021 WL 4222645, at *3 (E.D.N.Y. Sept. 16, 2021).

All three elements are met here. Although defendant is no longer in business, Orazio was an employer prior to its 2007 withdrawal from the Plan, given that it was a meat wholesaler with multiple employees. *See* Bucolo Dep. at 7–9; 29 U.S.C. § 1002(5) (defining "employer"). It is undisputed that Orazio received notice of the withdrawal liability assessment against it and failed to initiate arbitration. Def.'s SOMF ¶¶ 7–15. Therefore, the amount demanded became final at

that point. *Pension Fund A*, 2022 WL 2312329, at *2; 29 U.S.C. § 1401. In 2023, Orazio then defaulted on its quarterly payment, did not cure the deficiency within sixty days, and became liable for immediate payment of the entire unpaid amount of its withdrawal liability, plus accrued interest on the total outstanding liability from the date of the first scheduled payment that was not timely made. *Id.* at *3; 29 U.S.C. § 1399(5). Therefore, summary judgment is granted to plaintiffs on the issue of Orazio's liability under ERISA. *Gesualdi v. Seacost Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 99 (E.D.N.Y. 2015).[3]

Significantly, "[i]n any action to collect withdrawal liability in which a judgment in favor of the plan is awarded, the court shall award the plan in addition to the unpaid withdrawal liability, reasonable attorney's fees and costs, interest, and liquidated damages." *Ferrara*, 436 F. Supp. at 621 (E.D.N.Y. 2020) (internal quotation marks omitted); *see also UNITE Nat'l Ret. Fund v. Veranda Mktg. Co.*, Nos. 04-Civ-9869, 06-Civ-0055, 2009 WL 2025163, at *4 (S.D.N.Y. July 13, 2009), 29 U.S.C. § 1132(g)(2). This award is mandatory. *Trs. of Loc. 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp. 2d 585, 589 (E.D.N.Y. 2011).

Consequently, the Court grants plaintiff's motion for summary judgment and finds Orazio liable for the unpaid amount of the withdrawal liability principal, interest due on that principal, liquidated damages, and reasonable attorneys' fees and costs. Pursuant to 28 U.S.C. § 636(b)(1), the Court refers the case to United States Magistrate Judge Vera M. Scanlon for a report and

---

[3] Orazio argues that the Plan is not entitled to withdrawal liability because the closure of the business in June 2024 no longer binds it from paying the outstanding withdrawal liability. *See* Def.'s SOMF ¶ 16. On the contrary, the Second Circuit has interpreted "complete withdrawal" under 29 U.S.C. § 1383(a) to include employers "going out of business," thereby triggering withdrawal liability. *New York State Teamsters Conference Pension and Retirement Fund v. C&S Wholesale Grocers, Inc.*, 24 F.4th 163, 171 (2022); *see also Restrepo*, 819 F. Supp. at 171. In other words, Orazio's closing does not exempt it from withdrawal liability—rather, had Orazio not already withdrawn from the plan prior to its closing, it would trigger it. That Orazio has ceased operations does not absolve it of liability under ERISA.

recommendation calculating damages in accord with this opinion and assessing reasonable attorney's fees and costs. The Plan is directed to file any application for attorney's fees and costs in accord with the briefing schedule to be set by Magistrate Judge Scanlon. Defendants XYZ Corporations 1-10 and John and Jane Does 1-10 are dismissed from this action without prejudice.

## Conclusion

For the foregoing reasons, the motion for summary judgment is granted.

So Ordered.

Dated: Brooklyn, New York

October 2, 2026

/ s / Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge